UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
              :
RICKY MAXWELL,                        :
              :
          Plaintiff,      :
              :        22-CV-9431 (VSB)
     - against -           :
              :        **OPINION & ORDER**
              :
NICHOLAS VELASQUEZ, PENSKE      :
TRUCK LEASING CO., L.P., PENSKE    :
TRUCK LEASING CORP., and DEMAKES :
ENTERPRISES, INC.,                 :
              :
         Defendants.  :
              :
------------------------------------------------------------X

Appearances:

Wayne A. Gavioli
Wayne A. Gavioli, P.C.
Nanuet, New York
*Counsel for Plaintiff*

Caleb Jean Fleurant
Ahmuty, Demers, & McManus
New York, New York

Jonathan W. Greisman
Law Office of Thomas K. Moore
White Plains, NY

*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Defendants Nicholas Velasquez ("Velasquez"), Penske Truck Leasing Co., L.P. ("Penske Co."), Penske Truck Leasing Corp. ("Penske Corp."), and Demakes Enterprises Inc. ("Demakes") removed this automobile negligence case from the Supreme Court of the State of New York, County of Bronx on the basis of diversity citizenship. Before me is the motion of

Plaintiff Ricky Maxwell ("Plaintiff" or "Maxwell") to remand this case to the Supreme Court of the State New York, County of Bronx. Because I find that Defendants fail to establish diversity of citizenship, Plaintiff's motion to remand is GRANTED.

## I. Factual and Procedural History

On July 2, 2021, Plaintiff filed a Summons with Notice in the Supreme Court of the State of New York, County of Bronx. (Doc. 1-4 at 1.) On July 14, 2021, Plaintiff filed a Supplemental Summons. (*Id.* at 2.) On July 30, 2021, Penske Co., Penske Corp., and Demakes were served. (*Id.* at 3–4, 6.) On August 6, 2021, Velasquez was served. (*Id.* at 5.) On November 4, 2021, Plaintiff filed a complaint in the matter. (*Id.* at 8.) On November 16, 2021, Defendants filed their answer to Plaintiff's complaint. (*Id.* at 13.) On November 3, 2022, Defendants filed a notice of removal, citing diversity jurisdiction as their basis for removal. (Doc. 1.) On November 25, 2022, Plaintiff filed a motion to remand the case to the Supreme Court of the State of New York, County of Bronx. (Docs. 7–8, 11–12.) To date, Defendants have not filed a response to Plaintiff's motion or requested additional time to do so.

## II. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction where the parties are "citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Therefore, "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332

bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (internal quotation marks omitted). Consequently, on a motion to remand, the burden of showing complete diversity falls on "the party seeking to sustain the removal, not the party seeking remand." *Wilds v. United Parcel Serv. Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (internal quotation marks omitted); *see also United Food & Com. Workers Union, Local 919 v. CenterMark Props Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Determination of diversity jurisdiction is based on "the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

An action must be dismissed if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction."). "In the context of removal, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *U.S. Bank, Nat'l Ass'n as Tr. for Bear Sterns Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-CV-1710 (CSH), 2019 WL 2185725, at *4 (D. Conn. Mar. 26, 2019) (internal quotation marks omitted); *see also Vasura v. Acands*, 84 F. Supp. 2d 531, 540 (S.D.N.Y. 2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal . . . this case was improvidently removed").

### III. Discussion

Defendants seek to invoke diversity jurisdiction as its basis for removing this action to this Court. Therefore, "Defendants, as the removing parties, bear the burden of demonstrating

the propriety of removal." *Fouad v. Milton Hershey Sch. & Sch. Tr.*, No. 20 CIV. 10042 (PAC), 2021 WL 839453 (S.D.N.Y. Mar. 5, 2021) (cleaned up).  Defendants must show that complete diversity exists.  *Herrick Co.*, 251 F.3d at 322–23.

   Defendants have not responded to Plaintiff's motion.  Therefore, I look to the jurisdictional allegations in the notice of removal papers.  In support of removal, Defendants explain that "Plaintiff is a resident of the State of New York," Velasquez "is a resident of the State of Massachusetts," and Penske Co. and Penske Corp. are Pennsylvania corporations.  (*Id.* at 2.)  Defendants do not properly plead diversity because they failed to explain the citizenship or domicile of any party.  It is well settled that "'[a] statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens.'"  *Adrian Fam. Partners I, L.P. v. ExxonMobil Corp.*, 79 F. App'x 489, 491 (2d Cir. 2003) (quoting *John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967).)  Further, Plaintiff argues that Defendants have not established complete diversity because Defendant Penske Co. "is a limited partnership" and "[a]s such, each and every member of the limited partnership should have been disclosed as should their addresses."  (Doc. 7 at 2.)  This is correct.  "For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners."  *Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017); *Empery Tax Efficient, LP v. MusclePharm Corp.*, No. 23 CIV. 74 (VM), 2023 WL 2580006, at *10 (S.D.N.Y. Mar. 21, 2023) ("The citizenship of a limited partnership is not determined by the principal place of business but by the citizenship of each of its members.")  Defendants do not allege the citizenships of any of the members of the limited partnership.  Accordingly, Defendants have not met their burden to establish diversity of citizenship.  *See Franceskin v. Credit Suisse,* 214 F.3d 253, 256 (2d Cir. 2000) (Remanding case where "Plaintiff's counsel has not met the requisites of

pleading or proving diversity jurisdiction.").

### IV. Conclusion

Because Defendants have not shown that this Court has subject matter jurisdiction to hear this case, the case is hereby REMANDED to the Supreme Court of the State of New York, County of Bronx. Upon remand of this case, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: April 5, 2023
      New York, New York

Vernon S. Broderick
United States District Judge